UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JORY A. JOVAAG, | Case No.: 12-cv-003316 RMW |
| Plaintiff, | ORDER GRANTING MOTIONS TO DISMISS WITHOUT LEAVE TO AMEND |
| v. | |
| DONALD R. OTT, THE LAW OFFICE OF DANIEL JENSEN, and CAROL DIAZ FERRERA, | |
| Defendants. | |

Plaintiff Jory Jovaag ("plaintiff"), proceeding *pro se*, brings this action seeking to set aside or modify a judgment issued in 2008 in Santa Clara County Superior Court. Because the court lacks jurisdiction over plaintiff's claims, and since a federal court is generally prohibited from interfering with a state court proceeding, the court tentatively dismisses plaintiff's complaint without leave to amend.

**I. BACKGROUND**

On June 27, 2012, plaintiff filed a complaint asserting claims for fraud against her ex-boyfriend Donald Ott ("Ott") and his lawyers, Daniel Jensen and Carol Diaz Ferrera (collectively "defendants"), arising from a 2008 partition action in Santa Clara County Superior Court (the "partition action"). Plaintiff alleges that defendants submitted fraudulent evidence in the partition action, resulting in a "skewed" judgment and the inequitable seizure of a significant portion of her assets. Dkt. No. 1 (Compl.) ¶ 13. She further asserts that defendants made false

1

statements before the state court that "sabotage[ed]" her ability to appeal the judgment. *Id.* ¶ 16. She seeks the return of her "fraudulently seized assets," as well as compensatory damages. *See id.* ¶ 1.

Before being properly served,[1] defendants filed motions to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), setting a motion hearing for August 24, 2012. Plaintiff submitted an opposition motion. She later requested a continuance of the August 24, 2012 hearing, arguing that the court should not consider defendants' motions because they had been filed before service had been effected, and that a continuance was necessary in order to "achieve due process." *See* Dkt. No. 43 at 4.

## II. DISCUSSION

### A. Service of Process

As a threshold matter, the fact that defendants were not properly served does not preclude the court from considering the merits plaintiff's allegations. "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *United Food & Commercial Workers Union, Locals 197, 373, 428, 588, 775, 839, 870, 1119, 1179, and 1532 v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984). Absent a showing of prejudice, "a defendant's answer and appearance in an action should be enough to prevent any technical error in form from invalidating the process." *Id.* (citation omitted). Here, defendants' submission of responsive pleadings shows that they received notice of the complaint and intend to defend the suit. *See Wilson v. Moore and Associates, Inc.*, 564 F.2d 366, 368-69 (9th Cir. 1977) (informal contact between parties constitutes appearance when defendant shows "clear purpose to defend the suit"). Plaintiff filed a thorough opposition as well as numerous other papers, and does not explain how she will be prejudiced by consideration of her claims—which she elected to bring before the court—at this time. Accordingly, the court proceeds to examine whether plaintiff's case can properly proceed in federal court.

---

[1] Defendants were not served because plaintiff filed an application to proceed *in forma pauperis* along with her complaint, and the court had not yet ruled on the application at the time defendants filed their motion. It is unclear how defendants received notice of plaintiff's complaint.

2

Case No.: 12-cv-03316 RMW
ORDER GRANTING MOTIONS TO DISMISS WITHOUT LEAVE TO AMEND

**B.     Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "The party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists." *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. A federal court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A federal court has diversity jurisdiction where the matter in controversy exceeds the sum of $75,000, and is between, *inter alia,* citizens of different states. 28 U.S.C. § 1332. A federal court may dismiss an action on its own motion if it finds that it lacks subject matter jurisdiction over the action. *Fiedler v. Clark*, 714 F.2d 77, 78-79 (9th Cir. 1983) (noting that "a federal court may dismiss sua sponte if jurisdiction is lacking"); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Plaintiff first asserts that federal jurisdiction is proper under Fed. R. Civ. P. 60(d), which allows a federal court to entertain an "independent action" to relieve a party from a judgment procured by fraud. However, "[w]hen the prior judgment attacked in the 'independent action' is that of a different court, the new court must be one having 'independent and substantive equity jurisdiction.'" *Carney v. United States*, 462 F.2d 1142, 1144 (Ct. Cl. 1972); *Bankers Mortg. Co. v. United States*, 423 F.2d 73, 79 (5th Cir. 1970). In other words, plaintiff cannot use Rule 60(d) to attack a judgment entered in a different court unless her claims would give rise to federal jurisdiction *on their own*. Because plaintiff does not assert that defendants violated any federal law or constitutional principle, and explicitly alleges that all parties are California residents, *see* Compl. ¶¶ 4-7, this court does not have "independent" jurisdiction to entertain her complaint.

In her opposition motion, plaintiff claims federal jurisdiction is proper because two federal laws form "ingredients" of this action: (1) the False Claims Act ("FCA"); and (2) Rule 10b-5 of the Federal Securities Exchange Act of 1934. Plaintiff's argument fails for several reasons. First, "[a] suit 'arises under' federal law 'only when the plaintiff's statement of [her]

3

own cause of action shows that it is based upon [federal law].'" *Vaden v. Discover Bank*, 556 U.S. 49, 59-60 (2009) (citation omitted).  Plaintiff does not reference either statute in her complaint, but simply asserts claims for "fraud," "fraud upon the court" and "conspiracy to commit fraud," which are based in state law.  Further, it does not appear that "some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims," which focus solely on defendants' allegedly fraudulent representations to the state court during the partition action.  *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 813 (1986).

In addition, neither Rule 10b-5 nor the FCA appears to apply to the instant case.  The Securities Act is intended to protect the "investing public" from "fraudulent activities in connection with the *purchase or sale* of any security." *McGann v. Ernst & Young*, 102 F.3d 390, 392 (9th Cir. 1996) (emphasis added).  Thus, plaintiff's assertion that defendants misled the state court into awarding Ott securities that she rightfully *owned*, even if true, would not give rise to a claim under Rule 10b-5.  With respect to the FCA, plaintiff contends that she has knowledge of Ott's "past frauds" on the government and is assisting the government in prosecuting Ott in a separate action.  These allegations appear to have little, if any, relationship to the claims in plaintiff's complaint, and thus cannot form the basis for federal jurisdiction in *this* action.  Moreover, the FCA allows individuals to sue for fraud that causes "injury to the federal treasury," not injury to private plaintiffs.  *United States ex rel. Kelly v. Boeing Co.*, 9 F.3d 743, 748 (9th Cir. 1993).  Accordingly, the court finds that it lacks subject matter jurisdiction over plaintiff's complaint under Rule 60(d), 28 U.S.C. § 1331, and the other statues referenced in her various filings.[2]

---

[2] For example, jurisdiction is not appropriate under Fed. R. Civ. P. 60(b)(3) because that rule generally allows a party to challenge a judgment only in the court where it was rendered.  *See* 12-60 Moore's Federal Practice - Civil § 60.60.  The Declaratory Judgment Act (the "DJA"), 28 U.S.C. § 2201, merely provides for a remedy in certain kinds of disputes; without another basis for jurisdiction, it cannot justify bringing a case in federal court.  *See Countrywide Home Loans, Inc. v. Mortg. Guar. Ins. Corp.*, 642 F.3d 849, 853 (9th Cir. 2011) ("[T]he DJA gave district courts the discretion to provide a type of relief that was previously unavailable, but did not impliedly repeal or modify the general conditions necessary for federal adjudication (e.g., a federal question or diversity of citizenship).") (citation and brackets omitted).  Finally, plaintiff's invocation of 28 U.S.C. § 1343 is without merit because that statute is intended only allow for the vindication of constitutional rights, which are not at issue here.  *See Brown v. Board of Bar Examiners*, 623 F.2d 605, 609 (9th Cir. 1980).

Finally, even if it were possible to assert federal jurisdiction, this court would decline to entertain claims that, in essence, seek to set aside or modify a state court judgment.[3] As a general rule, federal courts do not interfere in state court proceedings. *See Burford v. Sun Oil Co.*, 319 U.S. 315, 334 (1943) ("[A] sound respect for the independence of state action requires the federal equity court to stay its hand."). While the court has found no controlling precedent on point, the Fifth Circuit has considered facts very similar to those present here and determined that even where a plaintiff asserted federal claims, the exercise of federal jurisdiction was inappropriate. *See DuBroff v. DuBroff*, 833 F.2d 557 (5th Cir. 1987). In *Dubroff*, an ex-wife sued her husband, his lawyers, and his business partners for federal securities and RICO violations in connection with the division of a corporation in a Texas divorce proceeding. Although styled as a federal case, the Fifth Circuit recognized the action as an attempt to set aside the Texas divorce decree on the basis of an alleged fraud. The court first noted that the case presented novel issues of state law, including (1) how to handle certain distinctions between "intrinsic" fraud (fraudulent actions in the prior suit itself, including perjury and the presentation of false evidence) which could not support a collateral attack on a judgment, and "extrinsic" fraud, which could; and (2) whether *res judicata* should bar a second action brought against lawyers who represented a party to the first action. *See id.* at 559-61. Further explaining that "there is perhaps no state administrative scheme in which federal court intrusions are less appropriate than domestic relations law," the Fifth Circuit held that the case should be heard by a state court, not a federal court. *Id.* at 561; *see also Thompson v. Thompson*, 798 F.2d 1547, 1558 (9th Cir. 1986) ("Even when a federal question is presented, federal courts decline to hear disputes which would deeply involve them in adjudicating domestic matters.").

The same concerns addressed by *DuBroff* are present here. Plaintiff's claims arise out of a domestic dispute and challenge the state court's division of alleged community property. Defendants have already raised *res judicata* as a defense, and California law recognizes the

---

[3] Plaintiff filed a separate Rule 60(d) motion specifically seeking relief from the state court judgment and including essentially the same allegations contained in the complaint. *See* Dkt. No 6.

distinction between intrinsic and extrinsic fraud in determining whether a judgment can be set aside. *See, e.g.*, *Kuehn v. Kuehn*, 85 Cal. App. 4th 824, 833 (Cal. Ct. App. 2000) ("[T]o the extent Laraine alleged she was defrauded by Garrett's misrepresentation to her of the value of his pension plan, she merely alleged intrinsic fraud, which is not grounds for vacating a judgment. However, Laraine's further allegation that Garrett concealed community assets from her raised a claim of extrinsic fraud, which is a ground for equitable relief.").

Thus, regardless of whether plaintiff could state a colorable federal claim, this court will not entertain a federal action used as a vehicle to attack the state court judgment. Instead, the court strongly suggests that plaintiff bring her claims before the appropriate California tribunal. Because it is clear that plaintiff's claims cannot be saved by amendment, the court dismisses her complaint with prejudice.

### III. ORDER

For the foregoing reasons, defendants' motions to dismiss are granted without leave to amend.

Dated:        8/24/12                                    _____
                                                         RONALD M. WHYTE
                                                         United States District Judge